**DE HONG XHENG, Petitioner,**

v.

**UNITED STATES DEPARTMENT OF JUSTICE, Alberto R. Gonzales, Respondents.**

No. 05–2389–AG.

United States Court of Appeals, Second Circuit.

May 19, 2006.

David X. Feng, New York, New York, for Petitioner.

Peter D. Keisler, Assistant Attorney General, Civil Division, Department of Justice, Eric Melgren, United States Attorney for the District of Kansas, Leon Patton, Assistant United States Attorney, Kansas City, Kansas., for Respondents.

PRESENT: Hon. CHESTER J. STRAUB, Hon. SONIA SOTOMAYOR, and Hon. ROBERT A. KATZMANN, Circuit Judges.

### SUMMARY ORDER

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, Foley Square, in the City of New York, on the 19th day of May, two thousand and six.

UPON DUE CONSIDERATION, of this petition for review of the Board of Immigration Appeals ("BIA") decision it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

De Hong Xheng petitions for review of the August 29, 2005 decision of the BIA, affirming Immigration Judge ("IJ") Paul DeFonzo's denial of his motion to reopen deportation proceedings. We assume the parties' familiarity with the facts and procedural history of this case.

This Court reviews the IJ's decision where, as here, the BIA adopts or defers to that decision. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d. Cir.2005). This Court reviews the denial of a motion to reopen for abuse of discretion. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005) (per curiam). An abuse of discretion may be found where the decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the [agency] has acted in an arbitrary or capricious manner." *Id.* at 233–34; *Ke Zhen Zhao v. United States Dep't of Justice*, 265 F.3d 83, 93 (2d Cir.2001).

The IJ's final order of deportation was entered in September 1995. Xheng's motion to reopen was filed in May 2004, almost nine years after the IJ's final order. At no point in his brief to this Court does Xheng argue that he fits into an exception to the 90–day rule. *See* 8 U.S.C. § 1229a(c)(7)(C) (2005); 8 C.F.R. § 1003.2(c)(2) (2005). Although Xheng argues that he received ineffective assistance of counsel at his deportation hearing, he does not claim or explain why such ineffective assistance of counsel should excuse his untimely motion to reopen. *See Iavorski v. INS*, 232 F.3d 124, 134 (2d Cir.2000) (in a situation where fraud or concealment of a claim prevents an individual from timely filing, equitable tolling of a statute of limitations is permitted until the fraud or con-

cealment is, or should have been, discovered by a reasonable person in the situation). Xheng's ineffective assistance of counsel claim is the substance of his motion, not an excuse for an untimely filing of that motion. As a result, it is not necessary for this Court to reach the merits of the motion. The IJ and BIA did not abuse their discretion in denying Xheng's motion to reopen as time barred.

For the foregoing reasons, the petition for review is DENIED. The pending motion for a stay of removal in this petition is DENIED as moot.